**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE

STOVER STOCKTON,              :    CIV. NO. 20-2519 (RMB)
                              :
          Petitioner          :
                              :
     v.                       :         OPINION
                              :
                              :
DAVID E. ORTIZ,               :
                              :
          Respondent          :
```

**BUMB, District Judge**

Petitioner Stover Stockton, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey challenges his 2001 conviction and sentence in the United States District Court, District of Maryland, asserting jurisdiction in this Court either as a Motion under Federal Rule of Civil Procedure 60(d) or as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …." Rule 4 is applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, Scope of the Rules.

I. DISCUSSION

Petitioner acknowledges that he was convicted and sentenced after a jury trial in the District of Maryland, his conviction was affirmed on direct appeal, and his motion under 28 U.S.C. § 2255 was denied on May 3, 2005. (Pet., ECF No. 1, ¶¶1-4.) Stockton was found guilty of one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 and was sentenced to a 390-month term of imprisonment with five years of supervised release. <u>U.S. v. Stockton</u>, Criminal Action No. 99cr352-ELH-3 (D. Md., ECF No. 589, Apr. 1, 2013) (available at www.pacer.gov). Petitioner argues, however, that the sentencing court's jurisdiction under 18 U.S.C. § 3231 was only presumed, and he now challenges that statute, arguing that Public Law 80-772 was never properly enacted by the House of Representatives in the 1940s.

Federal Courts may issue a writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner challenges his sentencing court's jurisdiction under 18 U.S.C. § 3231, which provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

This Court agrees with the many courts who have examined and rejected as legally frivolous claims that 18 U.S.C. § 3231 is ineffective because Public Law 80-772 was never properly enacted.[2]

See e.g., Benjamin v. Miner, 256 F. App'x 554, 555 (3d Cir. 2007); United States v. Johnson, 270 F. App'x 191 (3d Cir. 2008); United States v. Potts, 251 F. App'x 109, 111 (3d Cir. 2007); United States v. Armijo, 314 F. App'x 113, 114 (10th Cir. 2008); United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007); United States v. Campbell, 221 F. App'x 459, 461 (7th Cir. 2007); United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006); Cardenas-Celestino v. United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008).

## II. CONCLUSION

This claim is frivolous and the petition will be dismissed with prejudice. The Court will also dismiss as moot the motion to add co-defendants.

**Dated: March 31, 2020**

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**

United States District Judge

3